# United States Court of Appeals

## For the First Circuit

No. 20-2193

UNITED STATES OF AMERICA,

Appellee,

v.

GEORGE SEPULVEDA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Barron, Chief Judge,
Selya and Gelpí, Circuit Judges.

William C. Dimitri for appellant.
Lauren S. Zurier, Assistant United States Attorney, with whom
Rodney Santi, Acting United States Attorney, was on brief, for
appellee.

May 13, 2022

**GELPÍ, Circuit Judge.** Appellant George Sepulveda ("Sepulveda") appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"). Sepulveda argues before us, as he did below, that several factors — including his young age at the time of the offenses of conviction, the length of the sentence imposed, and sentencing disparities with his co-defendants and others similarly situated, as well as his post-conviction rehabilitation efforts — warrant a sentence reduction. We affirm the district court's ruling.

I.    Background

In 1997, following a forty-four day trial, a jury convicted Sepulveda of racketeering, 18 U.S.C. § 1962(c), conspiracy to commit racketeering, id. § 1962(d), murder in aid of racketeering, id. § 1959(a), witness intimidation, id. § 1512(b)(3), and possessing a firearm as a convicted felon, id. § 922(g)(1). United States v. Sepulveda, No. 95-75 (D.R.I. Oct. 2, 1997), aff'd sub nom. United States v. Lara, 181 F.3d 183 (1st Cir. 1999). Sepulveda's convictions relate to crimes involving the Almighty Latin Kings Nation ("Latin Kings"), one of the largest street gangs operating in the United States. Latin Kings is a hierarchical organization, in which Sepulveda, also known as "King Paradise," served as the group's president or "Inca" of the Providence, Rhode Island chapter. See Lara, 181 F.3d at 190-91.

The district court imposed three concurrent life sentences for the racketeering, conspiracy to commit racketeering, and murder in aid of racketeering charges, consecutive to the state sentence he was serving at the time, as well as concurrent twenty- and ten-year terms for the other federal offenses.

Sepulveda has repeatedly and unsuccessfully challenged his convictions and sentence. We upheld the convictions and sentence in Lara, 181 F.3d at 206, and affirmed the denial of Sepulveda's habeas corpus petition. See, e.g., Sepulveda v. United States, 330 F.3d 55, 58 (1st Cir. 2003).

Following the passage of the FSA, Sepulveda filed a pro se motion for compassionate release. Therein, he argued that "extraordinary and compelling" reasons warranted the reduction of his sentence, to wit, his age at the time of his crimes, the length of his sentence, the disparity of his sentence compared with those of other convicted Latin Kings members, and his rehabilitation efforts.

The district court denied Sepulveda's request, rejecting each of his arguments and finding that the reasons proposed were not "extraordinary and compelling." United States v. Sepulveda (Sepulveda II), No. 95-75 (D.R.I. Oct. 8, 2020). The district court considered also the applicable sentencing factors. It concluded that Sepulveda remained a danger to the community and that the factors weighed against granting compassionate release.

As a result, the district court denied Sepulveda's motion for compassionate release. The district court additionally denied his requests for an evidentiary hearing and for reconsideration.[1] Sepulveda timely appealed.

II.    Discussion

Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment when extraordinary and compelling reasons so warrant. See 18 U.S.C. § 3582(c)(1)(A)(i). Said provision requires that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A). To grant compassionate release, "the district court must consider any applicable [§] 3553(a) factors, and 'determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" United States v. Texeira-Nieves, 23 F.4th 48, 52 (1st Cir. 2022) (third alteration in original) (internal citation omitted) (quoting United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021)).

In 2018, Congress passed the FSA. See Pub. L. No. 115-391, 132 Stat. 5194 (2018). Pertinently, the FSA amended the compassionate release statute to allow incarcerated individuals to

_____

[1] The district judge who presided over Sepulveda's trial and sentencing, as well as ruled upon all post-conviction motions, is the same judge who denied Sepulveda's compassionate release motion.

- 4 -

file their own motions seeking compassionate release if they first apply to the Federal Bureau of Prisons ("BOP"). See id. § 603(b), 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A) (2018).

We recently held that "district courts — when adjudicating prisoner-initiated motions for compassionate release — have discretion, unconstrained by any policy statement currently in effect, to consider whether a prisoner's particular reasons are sufficiently extraordinary and compelling to warrant compassionate release." See United States v. Ruvalcaba, 26 F.4th 14, 23 (1st Cir. 2022) (citing United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020)).[2] Nonetheless, we have emphasized that the absence of an applicable policy statement "does not mean that a district court's discretion when adjudicating a prisoner-initiated motion for compassionate release is unbounded," nor does it "creat[e] a sort of Wild West in court, with every district judge having an idiosyncratic release policy." Id. (alteration in original) (citations omitted). "After all, the district court's discretion remains circumscribed by statutory

---

[2] As we noted in Ruvalcaba, "[s]uch motions are variously referred to as sentence-reduction motions and compassionate-release motions." 26 F.4th at 17 n.1 (quoting Saccoccia, 10 F.4th at 4 n.2). "We use those terms interchangeably." Saccoccia, 10 F.4th at 4 n.2. "In adopting this approach, we in no way suggest that release from imprisonment is the only form of relief contemplated under section 3582(c)(1)(A). After all, section 3582(c)(1)(A) refers to sentence reductions generally." Ruvalcaba, 26 F.4th at 17 n.1.

standards, which obligate the district court to find a reason that is both extraordinary and compelling." Id.

### a. Standard of Review

The compassionate release statute provides that "a district court's decision to grant or deny [such type of] motion is discretionary." Saccoccia, 10 F.4th at 4 (citing 18 U.S.C. § 3582(c)(1)(A)). Thus, "we review a district court's denial of a compassionate release motion for abuse of discretion." Id. "This standard is not monolithic and, under it, we review embedded questions of law de novo and embedded findings of fact for clear error." Ruvalcaba, 26 F.4th at 19.

### b. Extraordinary and Compelling Reasons Analysis

The district court found that Sepulveda's proffered reasons related to his age, length of sentence, and sentencing disparities, did not amount to an extraordinary and compelling reason for compassionate release. On appeal, Sepulveda relies heavily on two recent cases where district courts granted compassionate release to street gang members based on their age at the time of their offenses and other factors. But these cases do not establish that the district court abused its discretion in denying compassionate release. Like the courts in those cases, the district court here considered the full slate of the defendant's proffered reasons. The district court, however, reasonably arrived at a different conclusion: that Sepulveda's

particular circumstances did not rise to the requisite level of both extraordinary and compelling. We review the district court's treatment of the defendant's reasons sequentially.

### i. Age

Sepulveda argues that the district court "did not seriously consider" his argument that imposing a life sentence is especially harsh punishment for an adolescent who is still developing and capable of change and that his age at the time of offense thus warranted compassionate release. But contrary to Sepulveda's assertions, the district court did consider Sepulveda's age at the time of his offense and concluded it was not an extraordinary and compelling reason for release. Addressing Sepulveda's specific age-based arguments, the district court apparently reasoned that his actions did not appear to be motivated by, or resulted from, immaturity. It noted that Sepulveda was twenty years old and, at that time, was the Inca of the Latin Kings in Providence. See Sepulveda II, slip op. at 3 ("Defendant was the leader, not a follower; he was the one giving the orders."). These are factual findings that Sepulveda does not argue were clearly erroneous. The district court's conclusion, hence, was not an abuse of discretion.

ii. Length of Sentence and Sentencing Disparities

Next, Sepulveda argues that his then-mandatory life sentence is in and of itself an extraordinary and compelling reason warranting compassionate release. He goes further and, quite confidently, asserts that, had he been sentenced today, he would not receive a life sentence. This too, is inaccurate and misguided as under the current, discretionary sentencing regime, the applicable sentencing guideline sentence as to him is life imprisonment.

Crucially, the district court reasoned that the passage of time did not render that lengthy sentence unreasonable considering the scope and gravity of Sepulveda's offenses. To lay this matter to rest, the district court expressly rejected Sepulveda's contention that at present it would have imposed upon him a lower sentence. Highlighting the seriousness of Sepulveda's offenses, the district court reaffirmed the sentence imposed by stating that "[w]hile this may seem harsh to him, given the nature of his crimes . . . his sentence was and is appropriate." Sepulveda II, slip op. at 3-4 (emphasis added); see also Sepulveda, 330 F.3d at 58 ("[T]he length of the petitioner's sentence was not plucked out of thin air, but, rather, was determined by a federal judge based upon discrete findings of fact established by a fair preponderance of the evidence.").

We see no basis for concluding that the district court's determination that Sepulveda's sentence remained appropriate (made by the same judge who originally sentenced him) was marked by any legal or factual error. The district court also reasonably rejected Sepulveda's claims that his sentence was disproportionate compared to his own co-defendants based on material differences that justified the diverging sentences. Cf. United States v. Romero, 906 F.3d 196, 211-12 (1st Cir. 2018). Those reasonable findings support the district court's determination that his existing sentence length could not be an extraordinary and compelling reason for compassionate release.

### iii. Rehabilitation

Sepulveda further urged the district court to consider the twenty-five years he has spent rehabilitating himself. On appeal, Sepulveda argues that the district court abused its discretion by disregarding the strides that the defendant made over the years. The district court recognized that Sepulveda has dedicated himself to his rehabilitation and that of others. Sepulveda II, slip op. at 4-6. The district court also noted that Sepulveda included as exhibits to his motion a number of certificates for educational, vocational, and self-improvement programs he has completed during his incarceration, as well as letters of support from BOP staff and family members, among others. Id. at 5. The district court, however, having rejected

each of the defendant's other proffered reasons for compassionate release, correctly determined that rehabilitation alone could not be an extraordinary and compelling reason for compassionate release. See Sepulveda II, slip op. at 6.

In sum, the district court acted well within its discretion when it rejected Sepulveda's array of alleged extraordinary and compelling reasons for compassionate release. Because we may affirm on the ground that Sepulveda failed to establish an extraordinary and compelling reason, we need not address his argument that the statutory sentencing factors weighed in favor of a sentence reduction.

### c. Denial of Request for a Hearing

Lastly, we address Sepulveda's claim that the district court abused its discretion by not granting him a hearing, which he weaves into his youthful status claim, arguing that without a hearing he was impeded from further expanding his arguments. We disagree.

It is well-settled that criminal defendants are "not automatically entitled to an evidentiary hearing on a pretrial or posttrial motion." United States v. McAndrews, 12 F.3d 273, 279 (1st Cir. 1993). "Courts are busy places. Not surprisingly, then, evidentiary hearings on motions are the exception, not the rule. We have repeatedly stated that, even in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on

a pretrial or posttrial motion."  United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).  We review a denial of a request for an evidentiary hearing for abuse of discretion.  See McAndrews, 12 F.3d at 279-80.  "Because the trial judge is steeped in the facts and has a superior vantage point for assessing motions of this sort, we will not overrule the refusal to convene an evidentiary hearing absent a clear showing that the court's discretion has been misused."  Id.

Sepulveda failed to carry this burden.  Below, he does not appear to have identified any basis for a hearing on the motion, such as a disputed material issue of fact.  On appeal, he suggests that an evidentiary hearing was warranted to fully address his claim that his offenses were motivated or a result of his age at the time of the offense.  But the defendant proffered case law on this point along with testimony from another case regarding updated information on the mental development of youths.  Here, the district court fairly believed the record developed enough to fully address the defendant's arguments, including those regarding his age.  Such a determination was amply within its discretion particularly because in this instance Sepulveda's age-related arguments were tied to his motivations and reasons for his offenses.  Here, the district court had an existing reservoir of knowledge of Sepulveda's offenses and history, dating back to his trial and sentence.  Cf. Texeira-Nieves, 23 F.4th at 57 ("When

imposing a sentence, a judge necessarily acquires an intimate knowledge of the offense of conviction and the history and characteristics of the offender."). We thus affirm the district court's decision to deny the request for a hearing and to decide Sepulveda's motion on the papers.

### III. Conclusion

We find no error in the district court's finding that no extraordinary and compelling reasons exist so as to warrant a reduction of Sepulveda's life sentence. Likewise, we find no error in the district court's decision to deny Sepulveda's request for an evidentiary hearing. Accordingly, the judgment of the district court is

**Affirmed**.